**Kristin HIMMELBERGER, Plaintiff—Appellant,**

v.

**Daniel VASQUES; et al., Defendants— Appellees.**

No. 03–15260.
D.C. No. CV–98–20929–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Kristin R. Himmelberger, a California state prisoner, appeals pro se the district court's denial of his motion to reconsider the dismissal of his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1082 (9th Cir.2001), and we reverse and remand.

The district court abused its discretion in denying Himmelberger's motion for reconsideration because, prior to its sua sponte dismissal, the district court did not advise Himmelberger that the prison trust account office had not forwarded the initial filing fee, and did not warn him that the court was considering dismissing his action. *See* 28 U.S.C. § 1915(b)(2); *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999) (holding Fed.R.Civ.P. 60(b)(1) applies to mistakes by the court). We held in *Taylor v. Delatoore,* 281 F.3d 844, 851 (9th Cir.2002), that when a prisoner lacks funds to pay the initial filing fee, his action may still proceed. *Id.* Here, the district court did not take steps to ascertain the reason that the filing fee had not been paid prior to dismissing the action. *Cf. id.* at 846 (discussing district court's issuance of orders to show cause prior to dismissal).

REVERSED AND REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.